UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDRE PALMER (#369958) | CIVIL ACTION |
| VERSUS | |
| TIM WILKINSON, WARDEN, ET AL | NO. 06-55-A-M2 |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, September 18, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDRE PALMER (#369958)** | **CIVIL ACTION** |
| **VERSUS** | |
| **TIM WILKINSON, WARDEN, ET AL** | **NO. 06-55-A-M2** |

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion for Relief of Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (R. Doc. 26), filed by petitioner, Andre Palmer ("Palmer"). Through his motion, Palmer seeks to have the Court vacate its judgment of October 4, 2006 (R. Doc. 19), which dismissed his habeas petition as untimely-filed and to have the above-referenced matter re-opened. He contends that such relief is warranted based upon the recent U.S. Supreme Court case, *Jimenez v. Quarterman*, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009). The State of Louisiana ("State") filed an opposition (R. Doc. 34) to Palmer's motion.

Although the State asserts in its opposition that Palmer is not entitled to relief under Fed. R. Civ. P. 60(b) for various procedural reasons, the Court finds that it need not address those procedural matters because it agrees with the State that the *Jimenez* case does not render Palmer's habeas petition timely, and his present motion can be disposed of most simply on that basis. In *Jimenez*, the U.S. Supreme Court held for the first time that, when a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review proceedings (*i.e.*, post-conviction proceedings), before a defendant has first sought federal habeas relief, the defendant's conviction is not yet

1

"final" so as to trigger the one (1) year limitation period under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Id.*, at 686. The date of finality of judgment, and thus the commencement of the limitations period for federal habeas review, is the conclusion of the out-of-time direct appeal, or the expiration of time for seeking review of that appeal. *Id.*

Palmer was sentenced on August 17, 1998. He did not file a timely motion to reconsider sentence nor did he timely appeal his conviction and sentence. Considering the Supreme Court's recent holding in *Jimenez*, however, his conviction and sentence did not become final thirty (30) days after August 17, 1998 because Palmer later sought and was granted an out-of-time appeal during his post-conviction proceedings. Specifically, on January 8, 1999, Palmer filed his first post-conviction relief application, wherein he alleged ineffective assistance of counsel and sought an out-of-time appeal. The First Circuit Court of Appeals affirmed Palmer's conviction and sentence on his out-of-time appeal on December 22, 2000. Palmer then timely sought writs to the Louisiana Supreme Court concerning the First Circuit's decision relative to his out-of-time appeal. The Louisiana Supreme Court denied that writ application on January 11, 2002. Palmer thereafter failed to seek reconsideration of the Louisiana Supreme Court's decision, and he also did not seek writs to the U.S. Supreme Court concerning the Louisiana Supreme Court's writ denial. Accordingly, under *Jimenez*, Palmer's conviction and sentence became final ninety (90) days after January 11, 2002, or on April 11, 2002.

Approximately two hundred seventy-three (273) days of untolled time then elapsed before Palmer filed his second post-conviction relief application on January 9, 2003. The state trial court denied that application on December 4, 2003. Another fifty (50) days of untolled time passed before Palmer filed an untimely motion to reconsider the trial court's ruling on January 23, 2004. The state trial court denied Palmer's motion to reconsider on October 18, 2004. Palmer then timely sought writs to the First Circuit concerning the trial court's denial of his motion to reconsider. The First Circuit denied his writ application on December 30, 2004. Palmer did not, however, timely seek writs to the Louisiana Supreme Court regarding the First Circuit's decision and instead waited until March 7, 2005 to file his writ application with the Louisiana Supreme Court. Thus, another sixty-seven (67) days of untolled time elapsed between the First Circuit's denial of his writ application on December 30, 2004 and Palmer's filing of his writ application with the Louisiana Supreme Court on March 7, 2005. The Louisiana Supreme Court ultimately denied Palmer's writ application on January 9, 2006, and Palmer then filed his habeas petition with this Court on January 26, 2006. Thus, even under the standard recently set forth in *Jimenez* concerning out-of-time appeals, Palmer's habeas petition was nevertheless untimely-filed because a total of three hundred ninety (390) days of untolled time expired between the finality of Palmer's conviction and sentence and the filing of his present habeas petition (273 days + 50 days + 67 days = 390 days). As such, Palmer's present motion for relief of judgment grounded upon *Jimenez* should be denied.

**RECOMMENDATION**

For the above reasons, it is recommended that the Motion for Relief of Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (R. Doc. 26), filed by petitioner, Andre Palmer, should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, September 18, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**